UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMAH JADA CLARK,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF FLORIDA, et al.,<br><br>Defendants. | CIVIL ACTION NO.<br>1:24-CV-00116-JPB |

## ORDER

This matter is before the Court on Tamah Jada Clark's ("Plaintiff") Proof of Service and Demand for Entry of Default Judgment [Doc. 4]. This Court finds as follows:

## BACKGROUND

Plaintiff filed the instant action on January 9, 2024. [Doc. 1]. On February 15, 2024, Plaintiff filed one document containing (1) proof of service and (2) a motion seeking default judgment against Defendants. [Doc. 4]. As proof of service, Plaintiff provided two affidavits that she prepared. See id. at 2–3. In these affidavits, Plaintiff asserts that Defendants have been served but does not clearly state how Defendants were served, on what date Defendants were served or who effectuated service. See id. No defendant has appeared in the action.

## ANALYSIS

Proper service of process is a jurisdictional requirement.  Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).  Indeed, "a court lacks jurisdiction over the person of a defendant when that defendant has not been served."  Id.  As a result, it is improper for a district court to reach the merits of a case if the defendants have not been properly served in accordance with Federal Rule of Civil Procedure 4.  Jackson v. Warden, FCC Coleman-USP, 259 F. App'x 181, 182–83 (11th Cir. 2007).  And although pro se pleadings are to be construed liberally, pro se litigants must still comply with applicable procedural rules.  See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

"Unless service is waived, proof of service must be made to the court."  Fed. R. Civ. P. 4(l).  Generally, an affidavit of the process server is required to prove service.  See id. ("Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").  Here, Plaintiff's proof of service does not provide enough information to show that Defendants have been properly served in accordance with Rule 4.  For example, Plaintiff's affidavits do not clearly articulate the manner of service, who effectuated service or even on what date

Defendants were served.[1]  See [Doc. 4, pp. 2–3].  Therefore, based on the information before it, the Court is unable to determine whether Defendants were properly served.  Thus, the Court cannot find that Defendants are in default at this time.

## CONCLUSION

For these reasons, Plaintiff's Demand for Entry of Default Judgment [Doc. 4] is **DENIED** without prejudice as premature.[2]  Plaintiff is **HEREBY ORDERED**, within fourteen days of the date of entry of this Order, to either:  (1) file an amended proof of service sufficient to show that Defendants were properly served in accordance with Rule 4 or (2) show cause in writing why her claims against Defendants should not be dismissed pursuant to Rule 4(m) for failure to serve Defendants within ninety days after the filing of her complaint.  See Fed. R.

---

[1] Indeed, as written, the affidavits seem to suggest that Plaintiff, a party to the action, may have impermissibly attempted to deliver the Complaint and Summons to Defendants herself.  See Fed. R. Civ. P. 4(c)(2); O.C.G.A. § 9-11-4(c); Fla. R. Civ. P. 1.070(b); see also Fed. R. Civ. P. 4(j); Fla. Stat. § 48.121.

[2] The Court also notes that even if service was proper, Plaintiff's motion would still have been premature.  Under Federal Rule of Civil Procedure 55, obtaining a default judgment is a two-step process:  (1) the entry of default by the clerk; and (2) the subsequent entry of a default judgment by the court.  Here, Plaintiff did not seek entry of default from the Clerk before filing her motion for default judgment.  See Sun v. United States, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004), aff'd, 151 F. App'x 860 (11th Cir. 2005) (explaining that an entry of default is "a prerequisite to a default judgment").

3

Civ. P. 4(l)–(m).  Plaintiff is advised that failure to respond may result in dismissal of the action.

**SO ORDERED** this 30th day of May, 2024.

_____
J. P. BOULEE
United States District Judge